UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PEARL ROBINSON,

                Plaintiff,

       -against-

LONG ISLAND JEWISH HOSPITAL and
ZUCKER HILLSIDE AVE HOSPITAL,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM & ORDER**

**14-CV-3344 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

On May 27, 2014, Plaintiff Pearl Robinson filed this pro se Complaint against two private hospitals, alleging that she was "kidnapped" and held for 13 days. (Compl. (Dkt. 1).) Plaintiff's request to proceed in forma pauperis (IFP) is granted for the purpose of this Memorandum and Order. For the reasons set forth below, the action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I.    BACKGROUND

Plaintiff alleges that on April 7, 2013, she "went to the Hospital due to an old injury pain." (Compl. at 2.) Personnel at Long Island Jewish Hospital x-rayed the area in which she had pain, but she did not see a doctor. (Id.) Plaintiff alleges that she was then searched and put in a room where she was "drugged." (Id. at 1-2.) She claims that she was "kidnapped" "[i]n a private vehicle with no inner lights" and "[t]ransported to Zucker Hospital" where she was sexually abused, robbed, forced to sleep upright, and otherwise mistreated. (Id. at 2.)

On July, 8, 2013, Plaintiff's nearly identical complaint filed in the Southern District of New York was dismissed for lack of subject matter jurisdiction. See Robinson v. The Zucker

1

Hillside Hospital, et al., No. 13-CV-3152 (LAP), slip op. (S.D.N.Y. July 8, 2013). In August, 2013, Plaintiff filed an action with the same allegations in this court. (See Robinson v. Long Island Jewish Hospital, No. 13-CV-4439 (NGG) (JMA) Compl. (Dkt. 1).) On September 6, 2013, the court dismissed the complaint without prejudice for lack of subject matter jurisdiction. (No. 13-CV-4439 (NGG) (JMA) Mem. & Order (Dkt. 5).)

## II.  STANDARD OF REVIEW

The court construes pro se filings liberally and interprets them to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd, 133 S. Ct. 1659 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Nevertheless, a district court must dismiss an action filed by a plaintiff proceeding IFP if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read pro se complaints such as this one with "special solicitude," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While "detailed factual allegations" are not

2

required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Similar to Plaintiff's prior actions, this Complaint does not satisfy the requirements of federal question or diversity jurisdiction. Therefore, this action must be dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. 12(h)(3). Plaintiff remains free to bring her case in state court.

### A. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "To determine if a case involves a federal question, courts generally turn to the 'well-pleaded complaint' rule – that is, courts examine 'what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses . . . [that] the defendant may interpose.'" Arditi v. Lighthouse Int'l, 676 F.3d 294, 298 (2d Cir. 2012) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004)) (alterations in original). Mere invocation of federal question jurisdiction, without any alleged facts supporting a federal law claim, is insufficient. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff's allegations concerning her "kidnapping" and mistreatment at Long Island Jewish Hospital and Zucker Hillside Hospital do not arise under federal law. (See Order Robinson, No. 13-CV-4439 (NGG)(JMA) (Dkt. 5).) Even construing the Complaint liberally, no allegations can plausibly be read to set forth any federal cause of action. The named Defendants

are two private entities that are not amenable to suit for damages pursuant to 42 U.S.C. § 1983. See Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010); see also American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotations omitted). Moreover, Plaintiff has not alleged that the hospital or its staff members were state actors, were acting in concert with state actors, or were serving as an instrumentality of the state. See, e.g., Kia P. v. McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (private hospital was not a state or municipal facility and thus was not liable pursuant to § 1983, unless it was acting as an instrumentality of the state). Accordingly, Plaintiff cannot invoke federal question jurisdiction.

**B.    Diversity Jurisdiction**

Similarly, Plaintiff cannot invoke this court's jurisdiction pursuant to 28 U.S.C. §1332 because she has not alleged diversity of citizenship. To establish jurisdiction under Section 1332, a plaintiff must allege that she and every defendant are citizens of different states. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Plaintiff is a citizen of New York and it appears that Long Island Jewish Hospital and Zucker Hillside Hospital are also citizens of New York. (See Compl. at 1). Accordingly, complete diversity is lacking and Plaintiff cannot satisfy 28 U.S.C. § 1332. See Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992).

**IV.    CONCLUSION**

This case represents the third nearly identical action Plaintiff has filed, all of which relate facts demonstrating that the federal courts do not have jurisdiction. Plaintiff remains free to pursue her action in state court. For the foregoing reasons, Plaintiff's request to proceed IFP is GRANTED for purposes of this Memorandum and Order but her claims are DISMISSED

WITHOUT PREJUDICE for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h).

As this is Plaintiff's third attempt to file this action in the district courts, the court cautions Plaintiff that the continued filing of similar complaints may lead to the imposition of a filing injunction upon notice and an opportunity to be heard. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). ). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 1*9*, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge